UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

HECTOR HERNANDEZ,

        Defendant.

NO. CR. S-01 0358 WBS

ORDER RE MOTION FOR CONSIDERATION OF RESENTENCING

----oo0oo----

Defendant has filed a motion for resentencing[1] in light of the United States Supreme Court's recent decision in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir 2005), the Ninth Circuit held that Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), upon which Booker is predicated, is not retroactive. The Ninth Circuit's decision in United States v. Ameline, 400 F.3d 646 (9th Cir.

---

[1] In its motion to dismiss, the government characterizes defendant's request as a motion under 28 U.S.C. § 2255. In defendant's response, he seeks to characterize it as a motion for modification of the term of imprisonment under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) does not literally apply here, because the Sentencing Commission has not lowered the applicable sentencing range for defendant's offense pursuant to 28 U.S.C. § 994(o). Nevertheless, the same result would follow regardless of how defendant's request is construed.

1

2003), which applied <u>Blakely</u> in this circuit, has been withdrawn. In light of the foregoing state of the law, this court concludes that <u>Booker</u> may not form the basis for collateral attack of a sentence which became final before the <u>Booker</u> decision, and for which the time allowed by statute for collateral attach has expired.

      IT IS THEREFORE ORDERED that defendant's motion for resentencing be, and the same hereby is, DENIED.

      IT IS SO ORDERED.

DATED: June 9, 2005

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2